UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROGER DECKER,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.

_________________________________)

**COMPLAINT**

The Plaintiff, Roger Decker ("DECKER"), by and through the undersigned counsel, hereby sues Life Insurance of Company of America ("LINA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudment and postjudment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. DECKER was at all times relevant a plan participant under The Williams

Companies, Inc. Long Term Disability Plan, Group Policy FLK98007 ("LTD" Plan).[1]

3. Defendant, LINA, is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINA is the insurer of benefits under the Graphic Packaging International, Inc. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan are employee welfare benefit plans regulated by ERISA, established by The Williams Companies, Inc., under which DECKER was a participant, and pursuant to which DECKER is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of LTD Plan, DECKER is entitled to benefits for the duration of the Plaintiff's disability, for so long as DECKER remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida

**COUNT I:**
**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER POLICY LK-98007**

7. DECKER incorporates by reference all preceding paragraphs as though

[1] A copy of the LTD Plan is attached hereto as Exhibit "1."

fully set forth herein.

8. At all times relevant, DECKER was an employee or former employee of The Williams Companies, Inc. and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of DECKER's employment, DECKER became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while DECKER was covered under the LTD Plan, DECKER suffered a disability, which due to the privacy of same is discussed in great detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. Pursuant to the terms of the LTD Plan, DECKER made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of June 28, 2012.

11. The LTD Plan defines disability to mean: The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and (2) unable to earn 60% or more of his or her Indexed Earnings.

12. LINA initially approved DECKER's claim for LTD Benefits having found he was unable to perform the material duties of his regular occupation as an Operations Supervisor.

13. LTD Benefits became payable on or about December 27, 2012.

14. On or about April 11, 2014, LINA notified DECKER that it was terminating his claim for continued LTD Benefits as LINA had determined that he no longer met the terms and conditions of the policy.

15. DECKER appealed this adverse determination on September 16, 2014.

16. On November 4, 2014, LINA notified DECKER it was reinstating his claim for benefits on appeal as it had determined that he was disabled from performing the material duties of his regular occupation.

17. On November 12, 2014, LINA notified DECKER that it was terminating his claim for benefits effective December 27, 2014, as LINA had determined he would not be disabled from performing the duties of any gainful occupation.

18. On July 1, 2016, DECKER properly appealed this adverse determination.

19. On August 17, 2015, LINA advised DECKER that it would need a 45 day extension to render a decision on the claim.

20. DECKER provided a signed Authorization requested by LINA to obtain medical records and also forwarded additional information to expedite the review of his claim.

21. On September 9, 2015, LINA notified DECKER it was still in the process of reviewing his appeal.

22. On October 6, 2015, LINA advised DECKER that it was sending his claim for an Independent Review and needed additional time.

23. On November 4, 2015, LINA advised DECKER that LINA would like to schedule an Independent Medical Evaluation with a neuropsychologist.

24. As LINA was already beyond the timeframe with which to render a

decision, LINA requested whether DECKER would undergo the IME.

25. On November 11, 2015, DECKER advised CIGNA that he would undergo the IME, understanding that the review time would be tolled until the testing was completed.

26. On December 2, 2015, LINA advised DECKER of the ongoing review of his appeal and the pending IME.

27. The neuropsychological IME took place on December 7, 2015.

28. Following the IME, DECKER provided additional information to LINA in the form of updated medical notes on or about January 11, 2016.

29. On January 21, 2016, LINA advised DECKER that his claim was in the final review process.

30. Multiple additional attempts to reach LINA were made on February 12, 16, 25 and March 1, 2016, to obtain an update on the claim.

31. Pursuant to ERISA, LINA has 45 days to render a decision, with the ability to request a 45 day extension for good cause, totaling 90 days to render a decision.

32. As of the date of this Complaint, 245days has passed since the appeal was submitted.

33. As of the date of this Complaint 86 days have passed since the IME.

34. LINA has failed to provide DECKER a timely response to his appeal.

35. LINA has breached its fiduciary duty to DECKER by failing to make a determination on his claim within the statutory time frame imposed by ERISA.

36. LINA is in violation of ERISA, 29 C.F.R. §2560.503-1(i)(3), for failure to render a decision within the statutorily imposed deadlines.

37. LINA's failure to render a timely response to DECKER's appeal is a de

facto denial of benefits.

38. DECKER contends he has exhausted all mandatory administrative remedies in light of violation of ERISA, 29 C.F.R. §2560.503-1(i)(3) for failure to render a timely decision.

39. LINA breached the LTD Plan and violated ERISA in the following respects:

a. By failing to pay LTD benefits to DECKER at a time when LINA and the LTD Plan knew, or should have known, that DECKER was entitled to those benefits under the terms of the LTD Plan, as DECKER was disabled and unable to work and therefore entitled to benefits.

b. After DECKER's claim was denied in whole or in part, LINA failed to adequately describe to DECKER any additional material or information necessary for DECKER to perfect his claim along with an explanation of why such material is or was necessary.

c. LINA failed to properly and adequately investigate the merits of DECKER's disability claim and failed to provide a full and fair review of DECKER's claim.

d. LINA has failed to respond to DECKER's appeal within the statutory imposed deadlines of ERISA, 29 C.F.R. §2560.503-1(i)(3).

40. DECKER believes and alleges that LINA wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which DECKER is presently unaware, but which may be discovered in this future litigation and which DECKER will immediately make LINA aware of once said acts or omissions are discovered by DECKER.

41. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, DECKER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding DECKER's claims for benefits, DECKER, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DECKER is entitled to have such fees and costs paid by LINA.

43. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, DECKER is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Roger Decker prays for relief against Life Insurance Company of America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under

ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 2, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

__/s/ *Stephen F. Jessup*__________
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com